STATE of Missouri, Respondent,

v.

Ernie GILLESPIE, Appellant.

No. 45334.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 19, 1982.

Motion for Rehearing/Transfer
to Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

Joseph W. Downey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Kidnapping and sodomy. After guilty verdicts the trial court sentenced defendant Ernie Gillespie to concurrent 20 and 30 year terms in prison. He appeals.

Defendant now protests the denial of his motion for acquittal. This on the ground the 9-year-old victim's testimony was inadequate to identify him. He also claims a suggestive line-up and coaching by the prosecutor.

To this the state responds the victim was a competent witness and her identification of defendant was substantial.

Those issues first require us to summarize the identity testimony. At trial the victim testified: While walking home from a nearby grocery a man driving a blue and white car stopped, pulled her inside and drove off to a secluded backyard. There he forcibly tore apart her clothes and had oral sex with her. She escaped over a fence and reported the incident to her mother and police.

The victim had observed defendant for half an hour in daylight. She identified him at a four-man line-up and later in court. She also viewed defendant's car, including his hat therein, all of which met the description she had given police.

■ At the court's competency hearing the victim testified to her successful third-grade at school, the age of her siblings, her regular church attendance and her duty to tell the truth, particularly when testifying. In ruling the victim was a competent witness the court commented she was alert, intelligent and had a good recall ability. Having studied the victim's testimony both at the competency hearing and at trial we adopt the trial court's ruling she had adequately identified defendant as her attacker.

■ As said, defendant claims the line-up was suggestive and that the prosecutor coached the victim. Comparable claims to admissibility were denied in *State v. Patterson,* 598 S.W.2d 483[6–8] (Mo.App.1980) and *State v. Armbruster,* 541 S.W.2d 357[1] (Mo. App.1976). And, as held in *State v. Harris,* 620 S.W.2d 349[5] (Mo. banc 1981), the victim's uncorroborated testimony sufficed to sustain conviction, and any uncertainties therein were issues for the jury.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.